**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL A. KAUFMAN, M.D., | No. 12-55507 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-00382-AG-MLG |
| v. | |
| UNITEDHEALTH GROUP INCORPORATED, a corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 6, 2013
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Plaintiff-Appellant Dr. Michael Kaufman appeals from the district court's

order granting summary judgment in favor of Defendants-Appellees United

Healthcare Services, Inc., UnitedHealth Group Incorporated, and Optumhealth

Care Solutions, Inc. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Kaufman's appeal focuses on his defamation claim.  Under California law, "[t]he tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage."  *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (internal quotation marks and citation omitted).  The district court concluded that the defendants' allegedly defamatory statements were privileged.  We agree.

Under California's statutory common interest privilege, "[a] privileged publication or broadcast is one made . . . [i]n a communication, without malice, to a person interested therein [ ] by one who is also interested . . . ."  Cal. Civ. Code § 47(c).  The California Supreme Court has set out a two-part framework for applying the common interest privilege: "If section 47[c] applies to the occasion on which a communication is made *and* if it was made without malice, it is privileged and cannot constitute a defamation under California law."  *Brown v. Kelly Broad. Co.*, 771 P.2d 406, 411–12 (Cal. 1989) (in bank) (emphasis in original).

First, the common interest privilege applies to the communications in this case.  The California appellate courts have consistently held that communications within a company about the reasons for an employee's termination are shielded by the privilege.  *See, e.g.*, *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007) ("[B]ecause an employer and its employees have a common interest in

protecting the workplace from abuse, an employer's statements to employees regarding the reasons for termination of another employee generally are privileged."); *Cuenca v. Safeway San Francisco Emps. Fed. Credit Union*, 180 Cal. App. 3d 985, 995 (1986) ("Communications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested persons."). Kaufman's argument that Optumhealth and UnitedHealth Group are separate employers—even though they are part of the same corporate group—does not affect our conclusion. Communications by a former employer to a prospective employer about an employee's job performance also fit within the scope of the common interest privilege. *See* Cal. Civ. Code § 47(c); *see also Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1369–70 (2003).

Second, the defendants acted without malice.[1] "The malice necessary to defeat a qualified privilege is actual malice which is established by a showing that

---

[1] Under California law, the plaintiff bears the burden of showing that the defendants acted with malice. *See Lundquist v. Reusser*, 875 P.2d 1279, 1284 (Cal. 1994) (in bank); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 915 (2002) ("The defendant has the initial burden of showing the allegedly defamatory statement was made on a privileged occasion, whereupon the burden shifts to the plaintiff to show the defendant made the statement with malice."). We assume without deciding that Kaufman need only show malice by a preponderance of the evidence rather than clear and convincing evidence.

3

the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Sanborn v. Chronicle Publ'g Co.*, 556 P.2d 764, 768 (Cal. 1976) (quotation marks and citation omitted) (emphasis in original). The district court correctly concluded that there is no genuine dispute as to any material fact concerning whether the defendants or their agents "lacked reasonable grounds for belief in the truth" of their statements about why the company terminated Kaufman. *Id.* Kaufman has demonstrated that reasonable jurors could disagree about whether he failed to meet the performance standards required of his position. But these factual disputes are immaterial in determining whether the defendants acted with actual malice. *See Noel*, 113 Cal. App. 4th at 1370 ("[M]alice focuses upon the defendant's state of mind, not his [or her] conduct." (quotation marks and citation omitted) (alterations in original)). Kaufman has not asserted any facts that could lead to an inference that Kaufman's supervisor, the human resources department, or anyone else acting on behalf of the defendants actually "lacked reasonable grounds" for their professed belief that he was underperforming. The California appellate courts have affirmed orders granting summary judgment in favor of defendants under similar circumstances. *See, e.g.*, *id.* at 1371; *Kashian*, 98 Cal. App. 4th at 932–33.

4

The district court also correctly granted summary judgment in favor of the defendants on Kaufman's related claims for invasion of privacy and expectation of confidentiality. "When, as here, an invasion of privacy claim rests on the same allegations as a claim for defamation, the former cannot be maintained as a separate claim if the latter fails as a matter of law." *Alszeh v. Home Box Office*, 67 Cal. App. 4th 1456, 1464 (1998); *see also Noel*, 113 Cal. App. 4th at 1372–73.

The judgment of the district court is **AFFIRMED**.